THE CITY OF EUREKA v. CHARLES JACKSON.

#### No. 794.

1. CITIES—*Ordinances—Alchoholic Liquors.*  Cities of the second class have authority to regulate the sale of liquids which contain alcohol in quantities not sufficient to render them intoxicating.
2. ———— *Ordinance Void in Part—Conflict with Statutes.*  The ordinance in question was evidently intended to regulate the sale of non-intoxicating liquids, but if by inference it attempts to authorize the sale of intoxicating liquids in quantities of over a gallon at each sale, then so much of the ordinance is void.

Error from Greenwood district court; C. W. SHINN, judge.   Opinion filed August 15, 1898.   Affirmed.

*F. S. Jackson*, city attorney, for appellee.

*T. L. Davis*, for appellant.

The opinion of the court was delivered by

DENNISON, P. J.: The appellant Jackson was convicted in the police court of the city of Eureka, and also on appeal in the district court of Greenwood county, of violating ordinance No. 124 of the city of Eureka.   He appeals to this court, and the only ques-

tion raised is the validity of the ordinance, which reads as follows :

### "ORDINANCE NO. 124.

"An Ordinance regulating the sale of hop-tea tonic, and all other liquids containing alcohol, sold and drank as a beverage, except for medical, scientific and mechanical purposes, within the corporate limits of the city of Eureka, Kansas, and fixing a penalty for the violation thereof.

"*Be it ordained by the Mayor and Councilmen of the City of Eureka, Kansas:*

"Section 1. It shall be unlawful for any person or persons, company or corporation, in this city to either directly or indirectly sell, barter, or give away, in less quantities than one gallon at one sale or delivery, what is known as hop-tea tonic, spirituous, malt, vinous or fermented liquors, or any other liquid of any kind or character, containing alcohol in any quantity, which is or may be drank as a beverage, or permit or allow the same to be drank at any store, stand, or place of sale, or in the same building where said hop-tea tonics, spirituous, malt, vinous or fermented liquors, or liquids containing alcohol, are sold, bartered, or given away ; provided, that nothing herein shall repeal any part of ordinance No. 95, entitled 'An ordinance to prohibit the sale of intoxicating liquors within the corporate limits of the city of Eureka except for medical, scientific and mechanical purposes, and to repeal all ordinances in conflict with this ordinance.' Said ordinance passed by the mayor and councilmen November the 10th, A. D. 1891; provided further, that nothing herein shall interfere with the sale of malt, vinous, spirituous and fermented liquors where the persons, for selling the same, have complied with the laws of the state of Kansas by taking out a druggist's permit for the sale of intoxicating liquors. Any person violating the provisions of this ordinance shall be deemed guilty of a misdemeanor, and be fined in any sum not more than seventy-five dollars nor less than fifteen dollars, together with the costs of prosecution, for each and

Eureka v. Jackson.

every offense, and stand committed to the city prison until such fine and costs are paid in full.''

The ordinance No. 95 referred to in ordinance No. 124 in substance is a reenactment of the prohibitory law of the state, except that the penalties for the violation thereof differ somewhat. It is contended that ordinance No. 124 is invalid for the reason that it is inconsistent with the prohibitory law and repugnant to the constitution of the state.

An examination of the ordinance satisfies us that it was not enacted for the purpose of regulating the sale of intoxicating liquors, for the reason that it specially refers to ordinance No. 95, which does regulate the sale of intoxicating liquors, and provides that nothing therein shall repeal any part of said ordinance No. 95. It was evidently intended to regulate the sale of all liquids sold or drunk as a beverage which contain alcohol in quantities not sufficient to render them intoxicating. This they had the authority to do. (*Monroe v. City of Lawrence*, 44 Kan. 607, 24 Pac. 1113.)

If this ordinance by inference attempts to authorize the sale of intoxicating liquids in quantities of over a gallon at each sale, then so much of the ordinance is invalid. The title to the act and in fact the act itself are in terms somewhat broader than was probably intended by the city council, but we do not understand that this invalidates the whole ordinance. The subject on which the council had authority to enact will be upheld. Of course the city can prohibit the sale of intoxicating liquors, but it cannot regulate or allow their sale except in harmony with the constitution or statutes. If the appellant was convicted of selling such liquids as are mentioned in the ordinance and which were non-intoxicating, he was properly convicted.

The judgment of the district court is affirmed.